UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23943-CIV-COHN/SELTZER
(CASE NO. 00-00425-CR-COHN)

SAMUEL KNOWLES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DISMISSING SECOND OR SUCCESSIVE § 2255 MOTION FOR LACK OF JURISDICTION

**THIS CAUSE** is before the Court upon Movant Samuel Knowles's Motion for Relief from Judgment [DE 43] ("Motion"). The Court has carefully reviewed the Motion and is otherwise fully advised in the premises.

### I. Background

In May 2000, Knowles and several others were indicted on federal charges involving a conspiracy to import and distribute large quantities of cocaine. Knowles, a citizen of the Bahamas, was extradited to the United States in August 2006 with the written consent of the Bahamas' Ministry of Foreign Affairs. Knowles had fought extradition for years by pursuing habeas corpus relief in the Bahamian courts. Following his extradition, Knowles moved to dismiss the indictment on the ground that the Court lacked personal jurisdiction over him. Knowles claimed that his extradition was unlawful—including under a 1994 Extradition Treaty between the Bahamas and the United States ("1994 Treaty")—because he still had a habeas appeal pending in the

Bahamas. The Court denied the motion to dismiss, finding that all of Knowles's legitimate habeas proceedings had been completed and that he had been extradited at the United States' request in order to be prosecuted for the charged drug offenses.

In early 2008, Knowles was tried before a jury and convicted of (1) conspiracy to import five kilograms or more of cocaine and (2) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Knowles moved for a post-trial judgment of acquittal, again raising the jurisdictional claim regarding his extradition. The Court denied that motion, and later sentenced Knowles to concurrent prison terms of 420 months.

Knowles appealed his convictions and sentences. Among other points, Knowles argued that this Court erred in denying his motion to dismiss the indictment for lack of personal jurisdiction. In a thorough opinion, the Eleventh Circuit affirmed. See United States v. Knowles, 390 F. App'x 915 (11th Cir. 2010) (per curiam). The court of appeals agreed with this Court that Knowles's legitimate habeas proceedings in the Bahamas had concluded when he was extradited. See id. at 928. But the Eleventh Circuit rejected Knowles's jurisdictional argument for another reason: "[W]e conclude that the Ministry of Foreign Affairs' consent to Knowles' extradition in [the criminal case] was an 'official act of a foreign sovereign,' the validity of which we must abstain from questioning under the dictates of the act of state doctrine." Id. (quoting W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 405 (1990)). On this basis, the court of appeals held that "Knowles' challenge to his extradition must fail." Id.

In November 2011, Knowles filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] ("First Motion to

Vacate"). As relevant here, Knowles asserted that his trial counsel provided ineffective assistance by failing to introduce various evidence in support of the motion to dismiss. Knowles argued that counsel should have called either Knowles's Bahamian attorney or Knowles himself to testify about facts regarding his surrender to American authorities, suggesting that the transfer was done hastily and contrary to the 1994 Treaty's terms. For example, Knowles claimed that the United States Embassy had not been informed of his extradition, as evidenced by a lack of paperwork at the Fort Lauderdale Executive Airport upon his arrival; that his Bahamian attorney was detained at the local prison to prevent him from obtaining another affidavit from Knowles to support his then-pending Bahamian habeas petition; and that American agents purposely turned off their phones upon entering the aircraft at the Bahamian airport.

In a Report and Recommendation [DE 18] ("Report"), Magistrate Judge Seltzer determined that Knowles was not entitled to relief on this claim. The Eleventh Circuit, Judge Seltzer emphasized, had already held that Knowles's habeas litigation in the Bahamas was no longer pending when he was extradited, and that the act-of-state doctrine foreclosed Knowles from contesting his extradition. More, based on these rulings and other factors, Judge Seltzer found that trial counsel was not deficient in failing to present the evidence Knowles cited, and there was no reasonable possibility this Court would have granted the dismissal motion if the evidence had been offered. See Strickland v. Washington, 466 U.S. 668 (1984).

Over Knowles's Objections, which largely mirrored the arguments in his First Motion to Vacate, this Court denied the personal-jurisdiction claim. The Court agreed with Judge Seltzer that none of the newly alleged facts would have changed its prior

decision—affirmed by the Eleventh Circuit—to deny Knowles's motion to dismiss.[1] Further, this Court and the Eleventh Circuit denied Knowles a certificate of appealability regarding the denial of the First Motion to Vacate.  And the Supreme Court denied his petition for a writ of certiorari.

More than four years after the First Motion to Vacate was denied, Knowles filed the present Motion.[2]  The Motion seeks relief, purportedly under Rule 60(b)(6) of the Federal Rules of Civil Procedure, from the Court's Final Judgment [DE 20] denying Knowles's First Motion to Vacate.[3]  See DE 43 at 1.  The Motion relies on two pieces of evidence that Knowles claims were previously unavailable to him.  See DE 43-1 at 8-9.  First, the Motion attaches an August 28, 2013, letter from the Broward County Aviation Department to Knowles, responding to a Freedom of Information Act request.  Id. at 14 ("2013 Letter").  That letter states as follows:

> With respect to your public records request for *all materials in your agency's position relation to an August 28, 2006, 2:45 p.m. flight from the Nassau International Airport to the Broward County Fort Lauderdale Airport*, please be advised that Broward County and the Broward County Aviation Department do not have in its possession any of the documents responsive to your request.

Id.  Second, the Motion provides a copy of the 1994 Treaty.  See id. at 15-29.

---

[1] Upon Magistrate Judge Seltzer's recommendation, the Court also denied on the merits all other claims in Knowles's First Motion to Vacate because they did not meet the requirements of Strickland.

[2] In all the proceedings described above, Knowles was represented by counsel. But he filed the instant Motion pro se.

[3] Rule 60(b) allows courts to grant relief from a final judgment or order based on five categories of specific reasons and, under Rule 60(b)(6), for "any other reason that justifies relief."  A movant seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

4

**II.    Discussion**

Although the Motion purports to seek relief under Rule 60(b), the Court must first determine whether, in substance, it is a second or successive motion under 28 U.S.C. § 2255.  See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief.").  This is because the Court lacks jurisdiction to consider a second or successive § 2255 motion unless the Eleventh Circuit has authorized that review.  See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); Farris, 333 F.3d at 1216.  As pertinent here, "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive [§ 2255 motion]."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005);[4] see Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (per curiam).  But "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal [§ 2255] proceedings," the motion is not a second or successive § 2255 motion.  Gonzalez, 545 U.S. at 532; see Williams, 510 F.3d at 1294.  Such motions include, for example, those challenging "a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  Gonzalez, 545 U.S. at 532 n.4.

Knowles seeks to avoid having his Motion treated as a second or successive § 2255 motion, claiming that it is "a true Rule 60(b)(6) motion . . . challenging the

---

[4] Although Gonzalez involved a Rule 60(b) motion filed by a state prisoner in a § 2254 case, the Eleventh Circuit has held that "the reasoning, standards, and tests announced by the Supreme Court in Gonzalez . . . also apply to federal prisoner cases." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc).

integrity of the Court's § 2255 judgment." DE 43-1 at 7.  Yet the substance of the Motion shows that it seeks, once again, to revisit the Court's denial of Knowles's unlawful-extradition claim on the merits.  The two pieces of "new" evidence Knowles relies on—the 2013 Letter and the 1994 Treaty—both concern his extradition.  The Motion also makes clear that Knowles is asking the Court to re-evaluate the legality of his extradition in light of this evidence.  See DE 43-1 at 9 ("When reviewing this recent information . . . then the integrity of the extradition proceedings were, as this Honorable Court will clearly see – fundamentally flawed."); id. at 10 ("The information being submitted in support of this Rule 60(b) Motion calls for examination of whether corruption was manifest in this case, or the Rules of law affected the patience of persons involved in the extradition process, thereby affecting the legitimacy of the judgment.").

      The Court thus concludes that the Motion is a second or successive § 2255 motion.  See Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (holding that because purported Rule 60(b) motion "sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, under Gonzalez his motion is the equivalent of a second or successive motion").  And nothing in the record shows that Knowles has obtained permission from the Eleventh Circuit to file such a motion.  See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).  The Court therefore must dismiss the Motion for lack of jurisdiction.  See Farris, 333 F.3d at 1216.

### III. Conclusion

For the reasons discussed herein, it is

**ORDERED AND ADJUDGED** as follows:

1. Movant Samuel Knowles's Motion for Relief from Judgment [DE 43] is hereby **DISMISSED** for lack of jurisdiction; and

2. If Knowles wishes to pursue his Motion, he must apply to the United States Court of Appeals for the Eleventh Circuit for the authorization required by 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3)(A).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of November, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Samuel Knowles, pro se
Butner Medium II
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1500
Butner, NC  27509